IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
APR 0 8 2013
CLERK

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

CHIROPRACTIC ASSOCIATES, LTD.
OF SOUTH DAKOTA,

    *Defendant*.

CASE NO. CV 13-4030

## COMPLAINT

The United States of America, acting under the direction of the Attorney General of the United States, brings this civil antitrust action against Defendant Chiropractic Associates, Ltd. of South Dakota ("CASD" or the "Defendant") to obtain equitable and other relief to prevent and remedy violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiff alleges as follows:

### I. NATURE OF THE ACTION

1. CASD is an association of approximately 300 chiropractors who compete with each other in the sale of chiropractic services. CASD's members compromise approximately 80 percent of all chiropractors practicing in South Dakota. On behalf of its members, CASD contracts with health insurers and other payers (collectively, "payers").

2. Since 1997, all of CASD's members have entered into membership agreements with CASD that give CASD the right to collectively negotiate rates

on their behalf with payers.

3. Since 1997, CASD has negotiated contracts on behalf of its members with at least seven payers. These contracts set the prices and price-related terms between CASD's members and those payers. CASD's conduct has raised the prices of chiropractic services and decreased the availability of chiropractic services in South Dakota.

4. The United States, through this suit, asks this Court to declare CASD's conduct illegal and to enter injunctive relief to prevent further injury to consumers of chiropractic services.

## II.   DEFENDANT

5. CASD is a company organized and doing business under the laws of the State of South Dakota, with its principal place of business in Brookings.

## III.   JURISDICTION, VENUE, AND INTERSTATE COMMERCE

6. Plaintiff brings this action pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, to obtain equitable and other relief to prevent and restrain the Defendant's violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

7. The Court has subject-matter jurisdiction over this action under Section 4 of the Sherman Act, 15 U.S.C. § 4, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

8. The Defendant has consented to personal jurisdiction and venue in this District. The Court also has personal jurisdiction over the Defendant, and venue is proper in the District of South Dakota under Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391(b), because the Defendant is found,

has transacted business, and committed acts in furtherance of the alleged violations in this District. A substantial part of the events giving rise to Plaintiff's claims occurred in this District.

9. The Defendant engages in interstate commerce, and its activities – including the conduct alleged in this Complaint – substantially affect interstate commerce. The Defendant's conduct increased prices for chiropractic services that some non-South Dakota residents traveled to South Dakota to purchase, and for which a number of payers paid across state lines.

## IV. OTHER CONSPIRATORS

10. Various persons not named as defendants in this action have participated as conspirators with the Defendant in the offenses alleged and have performed acts and made statements in furtherance of the alleged conspiracies.

## V. DEFENDANT'S ILLEGAL CONDUCT

11. Since 1997, CASD has required that chiropractors joining the association enter into a membership agreement (called a "Provider Agreement") that authorizes CASD to negotiate the fees that CASD's chiropractors charge payers for health-care related services and products.

12. For years, CASD has had a stated goal of leveraging its contracts with a large share of South Dakota chiropractors to negotiate higher fees from payers for chiropractor members. One CASD official stated that "the first thing that we felt was very important to us was to establish a fair reimbursement for a full scope of practice." Thus, CASD sought to "[h]ave a membership large

enough to negotiate fair and equitable contracts with insurance companies, including Fair Fee Schedules (minimum of 130% of Medicare)[.]"

13. Since 1997, CASD has negotiated at least seven contracts with payers that fix the prices and other price-related terms for all CASD members dealing with those payers. In these negotiations, CASD, acting on behalf of its members, made proposals and counterproposals on price and price-related terms, accepted and rejected offers, and entered into payer contracts that contractually bound all of CASD's members.

14. CASD's practice of negotiating contracts on behalf of its members has increased prices for chiropractic services in South Dakota.

## VI.   <u>NO INTEGRATION</u>

15. CASD's negotiation of contracts on behalf of its members is not ancillary to any procompetitive purpose of CASD or reasonably necessary to achieve any efficiencies. Other than CASD members who are part of the same practice groups, CASD members do not share any financial risk in providing chiropractic services, do not significantly collaborate in a program to monitor and modify their clinical practice patterns to control costs or ensure quality, do not integrate their delivery of care to patients, and do not otherwise integrate their activities to produce significant efficiencies.

## VII.   <u>VIOLATION ALLEGED</u>

16. Plaintiff reiterates the allegations contained in paragraphs 1 to 15. Beginning at least as early as 1997, and continuing to date, CASD and its members have engaged in a combination and conspiracy in unreasonable

restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The combination and conspiracy consisted of an understanding and concert of action among CASD and its members that CASD would coordinate their negotiations with payers to enable the collective negotiation of higher fees from these payers. CASD's actions raised prices for the sale of chiropractic services and decreased the availability of chiropractic services.

## VIII. **REQUEST FOR RELIEF**

17. To remedy these illegal acts, the United States of America asks that the Court:

(a) adjudge and decree that the Defendant entered into unlawful contracts, combinations, or conspiracies in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

(b) enjoin the Defendant; its successors, assigns, subsidiaries, divisions, groups, partnerships, joint ventures, and each entity over which it has control; their directors, officers, managers, agents, representatives, and employees; and all other persons acting or claiming to act in active concert or participation with one or more of them, from:

i. continuing, maintaining, or renewing in any manner, directly or indirectly, the conduct alleged herein or from engaging in any other conduct, combination, conspiracy, agreement, or other arrangement having the same effect as the alleged violations or that otherwise violates Section 1 of the

Sherman Act, 15 U.S.C. § 1, through price fixing of chiropractic services, or collective negotiation on behalf of competing independent chiropractors or chiropractor groups; and

        ii.    directly or indirectly communicating with any chiropractor or payer about any actual or proposed payer contract;

    (c)    award the United States its costs in this action; and

    (d)    award such other and further relief, including equitable monetary relief, as may be appropriate and the Court deems just and proper.

DATE: April 8, 2013

FOR PLAINTIFF
UNITED STATES OF AMERICA:

_____
WILLIAM J. BAER
Assistant Attorney General
Antitrust Division

_____
LESLIE C. OVERTON
Deputy Assistant Attorney General
Antitrust Division

_____
PATRICIA A. BRINK
Director of Civil Enforcement
Antitrust Division

_____
PETER J. MUCCHETTI
Chief, Litigation I Section
Antitrust Division

_____
RYAN M. KANTOR
Assistant Chief, Litigation I Section
Antitrust Division

BRENDAN JOHNSON
United States Attorney

_____
CHERYL SCHREMPP DUPRIS
Assistant United States Attorney
P.O. Box 7240
225 S. Pierre Street, Suite 337
Pierre, S.D. 57501
(605) 224-1256 ext 2204
Cheryl.Dupris@usdoj.gov

_____
RICHARD D. MOSIER
JULIE A. TENNEY
KEVIN YEH
Attorneys for the United States
Antitrust Division
United States Department of Justice
450 Fifth Street, N.W., Suite 4100
Washington, D.C. 20530
Telephone:  (202) 307-0585
Facsimile:  (202) 307-5802
Email:  Richard.Mosier@usdoj.gov