IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br>v.<br><br>CHIROPRACTIC ASSOCIATES, LTD.<br>OF SOUTH DAKOTA,<br><br>*Defendant.* | CASE NO.  CV 13-04030 - LLP |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION AND SUPPORTING
MEMORANDUM TO ENTER FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the United States moves for entry of the proposed Final Judgment filed in this civil antitrust case. The proposed Final Judgment (attached as Exhibit A) may be entered at this time without further hearing if the Court determines that entry is in the public interest. The Competitive Impact Statement ("CIS") and the Response to Public Comment – filed by the United States on April 8, 2013, and August 5, 2013, respectively – explain why entry of the proposed Final Judgment is in the public interest. The United States is filing simultaneously with this motion a Certificate of Compliance (attached as Exhibit B) setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the statutory waiting period has expired.

## I. BACKGROUND

On April 8, 2013, the United States filed a Complaint in this matter against the Chiropractic Associates, Ltd. of South Dakota ("CASD"), alleging that CASD and its members were engaged in a combination and conspiracy in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The combination and conspiracy consisted of an understanding and concert of action among CASD and its members that CASD would coordinate their negotiations with payers to enable the collective negotiation of higher fees from these payers. CASD's actions raised prices for the sale of chiropractic services and decreased the availability of chiropractic services.

Simultaneously with the filing of the Complaint, the United States filed the CIS, a proposed Final Judgment, and a Stipulation. The proposed Final Judgment would prevent the recurrence of the violations alleged in the Complaint by enjoining the Defendant from jointly determining prices and negotiating contracts with payers.

The Stipulation provides that the proposed Final Judgment may be entered after the completion of the procedures required by the APPA. Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II. COMPLAINCE WITH THE APPA

The APPA requires a sixty-day period for the submission of public comments on a proposed Final Judgment. See 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the CIS with the Court on April 8, 2013; published the proposed Final Judgment and CIS in the *Federal Register* on April 17, 2013, see 78 Fed. Reg. 22901 (2013); and had summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, published in *The Washington Post* for seven days beginning on April 15, 2013, and ending on April 21, 2013, and published in the *The Argus Leader* for seven days beginning on April 15, 2013, and ending on April 21, 2013. The Defendant filed the statement required by 15 U.S.C. § 16(g) on April 18, 2013. The sixty-day period for public comments ended on June 20, 2013. The United States received one public comment on the proposed Final Judgment. On August 5, 2013, the United States filed with the Court its response to public comment. On August 12, 2013, the United States published its response and the public comment in the *Federal Register,* see 78 Fed. Reg. 48904 (2013). The Certificate of Compliance filed with this Motion as Exhibit B recites that all the requirements of the APPA now have been satisfied. It is therefore appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

## III. STANDARD OF JUDICIAL REVIEW

The APPA requires that proposed consent judgments in antitrust cases brought by the United States be subject to a sixty-day comment period, after which the Court shall determine whether entry of the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination in accordance with the statute, the Court is required to consider:

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1).

In the CIS, the United States sets forth the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment as required by law. As explained in the CIS and the Response to Public Comment, entry of the proposed Final Judgment is in the public interest.

## IV. CONCLUSION

For the reasons set forth in this Motion, the CIS, and the Response to Public Comment, the Court should find that entry of the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further hearings. The United States respectfully requests that the proposed Final Judgment attached hereto be entered as soon as possible.

Dated:  August 29, 2013.                    Respectfully submitted,

**UNITED STATES OF AMERICA**
BRENDAN JOHNSON
United States Attorney


*/s/ Cheryl Schrempp DuPris*
Cheryl Schrempp DuPris
Assistant United States Attorney
P.O. Box 7240
225 S. Pierre Street, Suite 337
Pierre, S.D. 57501
(605) 224-1256 ext 2204
Cheryl.Dupris@usdoj.gov


RICHARD D. MOSIER
(D.C. Bar No. 492489)
JULIE A. TENNEY
Attorneys for the United States
Antitrust Division
United States Department of Justice
450 Fifth Street, N.W., Suite 4100
Washington, D.C. 20530
Telephone:  (202) 307-0585
Facsimile:  (202) 307-5802
Email:  Richard.Mosier@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of August, 2013, I caused copies of the Plaintiff United States of America's Motion and Supporting Memorandum to Enter Final Judgment to be served upon the following:

| | | |
|---|---|---|
| Daniel R. Fritz II<br>dfritz@lindquist.com | ☐ | US mail |
| | ☐ | FedEx |
| | ☒ | ECF |
| Mark Jacobson<br>mjacobson@lindquist.com | ☐ | hand delivered |
| | ☐ | faxed |

                                                  */s/ Cheryl Schrempp DuPris*
                                                  Cheryl Schrempp DuPris